# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN PENDLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:14 C 02325 |
| | ) | Judge Marvin E. Aspen |
| BOB FRENSLEY CHRYSLER JEEP | ) | |
| DODGE RAM, INC., AND THOMAS | ) | |
| MOWELL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff John Pendleton brings this action against his former employer, Bob Frensley Chrysler Jeep Dodge Ram, Inc., and a former manager, Thomas Mowell. Plaintiff alleges that Defendants discriminated and retaliated against him on the basis of his race, and subjected him to a racially hostile work environment, in violation of Title VII, 42 U.S.C. § 2000 *et seq.*, 42 U.S.C. § 1981, and the Tennessee Human Rights Act, Tenn. Code § 4-21-101 *et seq.* This case is currently set for trial on September 12, 2016.

Presently before us is Defendants' joint motion to extend the deadline for the filing of dispositive motions. (Dkt. No. 51.) As set forth below, we grant the motion.

## PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit on December 3, 2014, approximately fifteen months ago. The parties engaged in substantial discovery, including party depositions, through mid-2015. In June 2015, former counsel for Defendants filed a motion to withdraw. Current counsel began their representation of Defendants towards the end of June 2015.

1

At a conference on July 13, 2015, given their recent appearances, defense counsel requested additional time to get up to speed on the case and to complete discovery. Magistrate Judge Brown amended the case scheduling order and extended discovery to November 2, 2015. He set a dispositive motion deadline of December 1, 2015. (*See* Dkt. No. 37.)

Towards the end of that discovery period, Defendants filed a motion to continue the trial date and further amend the scheduling order. (Dkt. No. 38.) During a November 5, 2015 conference with Judge Brown, the parties discussed the status of discovery with respect to six former employees that Defendants hoped to track down for deposition. Judge Brown granted Defendants additional time, through January 31, 2016, to locate and depose any of those witnesses. (*See* Dkt. No. 42.) Judge Brown was not convinced, however, that the witnesses, even if found, would affect any potential summary judgment motion. Judge Brown also did not wish to jeopardize the previously-scheduled trial date of April 12, 2016. As a result, he declined to extend either the December 1, 2015 dispositive motion deadline or the prior trial date. (*Id.*)

As that limited discovery period wound down, the parties requested a conference with Judge Brown to address several disputes. (*See* Dkt. No. 47.) With Judge Brown's input, the parties resolved their controversy during a February 1, 2016 conference. Plaintiff agreed not to call any of the four witnesses who had not been located, and Defendant agreed that no further discovery into those former employees would be necessary. At that point, Judge Brown again declined to extend the dispositive motion deadline. Judge Brown instructed the parties that they could, of course, raise the issue before us. (*Id.*) Defendants promptly filed the instant motion.

**ANALYSIS**

In their motion, Defendants ask that we grant them leave to pursue summary judgment and to continue the April 12, 2016 trial date. (Dkt. No. 51.) We have already stricken the

April 12, 2016 trial date and scheduled trial for September 12, 2016.[1] We turn then to consider whether to allow Defendants to file dispositive motions.

Defendants seek an extension to the dispositive motion deadline pursuant to Federal Rule of Civil Procedure 16(b)(4). (Mot. at 1.) While Rule 16(b)(4) and Rule 6(b) overlap to some degree, we find that Rule 6(b)(1)(B) provides the appropriate standard, particularly where, as here, a party seeks an extension after a deadline has already passed. *Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 266 (6th Cir. 2009); *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006); *Cooper v. Shelby Cty., Tenn.*, 07 C 2283, 2010 WL 3211677, at *2 (W.D. Tenn. Aug. 10, 2010); *see also America's Collectibles Network, Inc. v. Syndicate 1414*, 08 C 96, 2009 WL 2929417, at *1–2 (E.D. Tenn. Sept. 8, 2009) (addressing motion for amendment of scheduling order to permit a dispositive motion under Rule 6).

Under Rule 6(b)(1)(B), we may extend a deadline after its expiration "for good cause . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). As the Supreme Court and Sixth Circuit have explained, we balance five factors to determine whether excusable neglect exists: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger*, 467 F.3d at 522; *see Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993); *Howard*, 306 F. App'x at 266–67. Whether to permit an extension falls soundly within our discretion. *Howard*, 306 F. App'x at 266; *Nafziger*, 467 F.3d at 522; *Cooper*, 2010 WL 3211677, at *2; *D.B. v. Lafon*, 06 C 75, 2007 WL 896135, at *2 (E.D. Tenn. Mar. 22, 2007).

---

[1] As discussed at the February 24, 2016 pretrial conference, we will notify the parties if an earlier trial can be set in May or June of this year.

Here, Defendants assert that they neglected to file dispositive motions by the December 1, 2015 deadline in light of the discovery into potential witnesses that continued through January 2016. (Mot. ¶¶ 12–13.) That is, they apparently chose to wait until all discovery had been completed before attempting a dispositive motion. Plaintiff, on the other hand, contends that Defendants improperly seek to delay trial. Plaintiff argues that Defendants had plenty of time to file any motion and, moreover, cannot succeed with a summary judgment motion in light of disputed fact issues. (Resp. at 3–5.) We turn to evaluate these positions in terms of the relevant factors.

We begin with the danger of prejudice to Plaintiff. Plaintiff contends that he will suffer prejudice because trial preparation is already underway and any further motion practice or delay will require duplication of efforts. (Resp. at 4–5.) We disagree. Assuming the case withstands any summary judgment motion, there is no reason that the pretrial materials and preparation already begun cannot be used for trial later this year. It is conceivable that certain edits might be required—of both parties—if a party or claim is dismissed, for example. But the parties' trial preparation efforts to date need not go to waste, if this case ultimately proceeds to trial.

The second factor considers the impact of the delay on judicial proceedings. This factor also weighs in favor of granting Defendants' motion, as we have already moved the trial date. Permitting Defendants to file dispositive motions in short order will not create additional delay or effect the trial date.

The third and fourth factors examine the length and reason for the delay, as well as whether it was within Defendants' control. Plaintiff points out that Defendants knew of the deadline for more than four months, yet failed to file on time. (Resp. at 4.) Defendants also failed to timely object to Judge Brown's November 5, 2015 denial of their motion for extension.

Nonetheless, we do not fault Defendants entirely for the delay. Defendants apparently chose to wait until all discovery had been completed before attempting a dispositive motion. (Mot. ¶¶ 12–13.) Although they probably should have filed objections to the November 5, 2015 denial, their articulated reason for the delay is not unreasonable or illogical. Moreover, they renewed their request for the extension before Judge Brown as soon as discovery concluded. While Defendants share responsibility for the delay, and surely could have taken steps to avoid it, neither Plaintiff, nor the court, can be surprised that Defendants continue to seek this opportunity. In addition, the length of the delay is not significant, in light of the discovery developments that occurred and relatively short time that this case has been pending. Taking into account the entirety of the record before us, we find that this factor slightly favors denial of the motion due to Defendants' failure to take further action prior to December 1, 2015.

Finally, we consider whether Defendants have acted in good faith. Plaintiff contends that Defendants wish to file dispositive motions simply to prolong these proceedings. Plaintiff argues that there are no grounds for summary judgment. (Resp. at 4.) But we are not in a position to accurately estimate the merits of any potential summary judgment motion. Defendants have repeatedly requested to file a Rule 56 motion after the close of discovery, and we see no reason to read nefarious motives into these requests. We find that, although Defendants were neglectful, they acted in good faith.

"The determination of excusable neglect is an equitable one, taking account of all relevant circumstances surrounding the [parties'] omission." *Howard*, 306 F. App'x at 266 (internal quotation omitted); *Dennis v. Sherman*, 08 C 1055, 2010 WL 3928332, at *2 (W.D. Tenn. Oct. 4, 2010); *Lafon*, 2007 WL 896135, at *2; *see Pioneer Inv. Servs. Co.*, 507 U.S. at 392, 113 S. Ct. 1496 (noting that "excusable neglect . . . is a somewhat elastic

5

concept"). Balancing the above factors, and considering the totality of the circumstances present here, we find Defendants' neglect is excusable. Summary judgment can be a useful tool, and we will not deny Defendants the opportunity to explore a Rule 56 motion. *See, e.g.*, *Fiore v. Smith*, 09 C 359, 2013 WL 160219, at *1 (E.D. Tenn. Jan. 15, 2013) (amending scheduling order to permit a dispositive motion, given the lack of prejudice to the non-movant); *Cooper*, 2010 WL 3211677, at *3–4 (granting additional time to file dispositive motions, even though defendants had not shown good cause); *Lafon*, 2007 WL 896135, at *3 (accepting late-filed summary judgment motion in its discretion). We thus exercise our discretion to amend the scheduling order and allow the parties to file dispositive motions, if they choose.[2]

---

[2] That being said, the parties must bear in mind that a motion for summary judgment can be granted only if there are no genuine disputes of material fact and if the record demonstrates that the moving party is entitled to judgment as matter of law. *See, e.g.*, *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004) (describing the issue as "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law") (internal quotation omitted). In considering a Rule 56 motion, we draw all reasonable inferences in favor of the non-movant. *See, e.g.*, *Clayton v. Meijer, Inc.*, 281 F.3d 605, 609 (6th Cir. 2010). We admonish the parties not to file summary judgment motions as a matter of course, but only if they perceive that the substantial Rule 56 burden can be met.

## CONCLUSION

For the reasons discussed above, we grant Defendants' motion. (Dkt. No. 51.) Dispositive motions, if any, may be filed on or by Monday, March 14, 2016. Responses shall be filed on or by Monday, March 21, 2016. Replies may be filed on or by Wednesday, March 23, 2016. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: March 3, 2016
       Chicago, Illinois